Abraham N. Geller, J.
This is a motion by one of the defendants, G. H. Walker & Co., to dismiss the complaint for failure to state a cause of action as against it, or in the alternative, granting it summary judgment.
Plaintiff corporation has sued for a declaratory judgment that it is the sole owner of certificates of its own stock issued pursuant to a contract with defendant de Clara providing for his delivering in exchange certain shares of another company, which were never delivered to plaintiff; that defendant Selby, presently in possession of plaintiff’s stock certificates and claiming a pledgee’s lien thereon, be enjoined from selling or otherwise transferring them; and that plaintiff be awarded ‘1 such additional, further or different relief against defendants Schumacher, Walker and Co. and de Clara, or any of them, as may be appropriate in light of the facts adduced at the trial herein.”
It is alleged in the complaint that de Clara was at the time a client of Walker and Co., a brokerage and investment concern. Plaintiff’s certificates are alleged to have been received by de Clara and Schumacher, then a vice-president of Walker and Co., custody being alleged to have been acquired by Schumacher acting on behalf of Walker and Co., with knowledge that the certificates were toobe held in trust subject to the delivery of the exchange stock. It is further alleged that Schumacher and Walker and Co. negotiated Selby’s loan to de Clara.
The complaint states that Schumacher, Walker and Co. and de Clara have been joined as parties defendant “so as to have before the court all the parties who played a role in putting Selby into his present position of asserting a right to sell” plaintiff’s stock. Plaintiff’s motion for a temporary injunction restraining Selby from disposing of its certificates was granted.
From the affidavits and supporting documents submitted on this motion it appears that Schumacher delivered the certificates for the account of de Clara to Walker and Co., which returned them into Schumacher’s possession 12 days later; that he kept them until they were delivered to Selby as security for a loan to de Clara, which Schumacher may have helped to negotiate; that Schumacher had possession as custodian for de Clara of the exchange stock to be delivered to plaintiff; and that he knew of the exchange contract provisions. If that were the issue, there *779 would be little difficulty in holding that there are triable issues of fact as to Schumacher’s knowing participation in the transaction resulting in Selby’s obtaining possession of the stock and as to the liability of Walker and Co. as Schumacher’s employer and principal.
While maintaining that its sole connection with the entire transaction was its innocent custody of the stock for 12 days and that Schumacher did not act on its behalf in this transaction, Walker and Co. also urges that its motion should be granted because it has never asserted and is not now asserting any right, title, claim or interest in the stock, which is the subject matter of the action.
CPLR 3017 (subd. [b]) provides that, in an action for a declaratory judgment, the demand for relief in the complaint shall specify the rights and other legal relations on which a declaration is requested and, if further or consequential relief is claimed, “ the nature and extent of any such relief which is claimed.” It is true that in a declaratory action the court has power to grant any appropriate additional or consequential relief, even though not specifically requested (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3017.10, 3017.12); and if the complaint sets forth but a single cause of action, it has been said that no rule precludes the demand for relief from asking for a specified declaratory judgment “ and such other relief as may be warranted by the case ” (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3017, Practice Commentary, 1964 Pocket Part).
But, even though the court is not precluded from granting additional relief, though unspecified, if warranted by the proof at the trial, a defendant is entitled to be informed by the complaint in an action for a declaratory judgment of the nature and extent of any further or consequential relief claimed against him (CPLR 3017, subd. [b]). If this is true as to the defendant against whom a declaratory judgment is sought, it is obviously essential to the sufficiency of the complaint as to a defendant against whom no declaration is sought and who has been joined solely for the purpose of “ additional, further or different relief.”
A plaintiff in an action for a declaratory judgment may, of course, demand a declaration of his rights as against one defendant and damages against such defendant and another connected with the transaction. But ‘1 the nature and extent ’ ’ of the claim for damages must be specified in the complaint and the basis upon which they are claimed as against the other defendant must also be set forth.
*780 The motion is accordingly granted to the extent of dismissing the complaint as against defendant Walker and Co., with leave to serve an amended complaint as herein indicated within 15 days after date of publication hereof.